IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

STEVEN O. KALAN, )
Register N. 737133, )
 )
          Plaintiff, )
 )
          v. )     No. 05-4154-CV-C-NKL
 )
UNITED STATES OF AMERICA, et al., )
 )
          Defendants. )

### REPORT, RECOMMENDATION AND ORDER

    Plaintiff, an inmate confined in a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

    Plaintiff seeks monetary and injunctive relief, pursuant to 42 U.S.C. § 1983. Named defendants are the United States of America and the United States Marine Corps. Plaintiff alleges that he is dying from complications related to his exposure to agent orange while serving in Vietnam. Plaintiff requests that the court award him punitive damages; order him placed in the Veterans Administration (V.A.) hospital where medical treatment is more advanced; and protect him from his guardian ad litem appointed by the State of Missouri.

    Plaintiff has requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. *In re Williamson*, 786 F.2d 1336 (8th Cir. 1986).

    Plaintiff's affidavit indicates that he is indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against

a defendant who is immune from such relief.  28 U.S.C. § 1915 (e)(2).  The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989).  The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id*. at 327.  Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citation omitted).

Upon review, the court finds that plaintiff's claims are subject to dismissal for failure to state a claim on which relief may be granted.  The reasons for dismissal are threefold and set forth below.

First, plaintiff's claims should be dismissed, pursuant to the *Feres* doctrine.  In *Feres v. United States*, 340 U.S. 135 (1950), the United States Supreme Court recognized that the federal government is sovereignly immune from any legal suit to which it has not consented, and moreover, is not liable under the Federal Tort Claims Act for injuries to servicemen arising out of or in the course of activity incident to military service.  Thus, under the *Feres* doctrine, plaintiff's claims against the federal government and the United States Marine Corps should be dismissed for failure to state a claim, because plaintiff's claims of exposure to agent orange while in the Vietnam War clearly arise out of his military service. *See Overton v. New York State Div. of Military and Naval Affairs,* 373 F.3d 83, 88-91 (2nd Cir. 2004) (discussing in depth the application of the *Feres* Doctrine barring suit by plaintiff seeking to recover for injuries which arise out of or are in the course of activity incident to plaintiff's military service).

Secondly, plaintiff's claims seeking a court order to have him placed at a V.A. hospital also fail to state a claim on which relief can be granted by this court.  Plaintiff's claims are, in essence, a challenge to a denial of benefits (placement in a V.A. hospital) by the Veterans Administration.  The United States District Courts do not have jurisdiction over

2

challenges to the V.A.'s decisions affecting benefits for veterans, because such decisions can be reviewed only in exclusive appellate review scheme established by Veterans Judicial Review Act of 1988. *Payne v. United States*, 61 Fed. Appx. 991, slip copy, 2003 WL 1228013 (8th Cir. 2003) (district court lacked jurisdiction to review Department of Veterans Affairs' denial of benefits claimed by veteran) (citing *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369-70 (8th Cir. 1992)). Therefore, plaintiff must seek relief via the Veterans Administration, and not via the district court system.

Finally, plaintiff's claims challenging the Missouri state court's appointment of a guardian ad litem on his behalf should be dismissed on abstention grounds. It is well-established policy that the federal courts should abstain from meddling in litigation pending in state courts. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 332 (1943). The federal courts may abstain when there is a pending state court proceeding involving the same subject matter. *Amdur v. Lizars*, 372 F.2d 103 (4th Cir. 1967); Annotation, *Stay of Action in Federal Court Until Determination of Similar Action Pending in State Court*, 5 A.L.R. Fed. 10 (1967). This is also true when a state has a strong interest and competence in dealing with the subject, 17A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 4247 (1988), such as state criminal, administrative and family law matters. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). *See also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (federal courts generally abstain from exercising jurisdiction when a cause of action closely relates to an action for divorce, alimony or child custody); *Ronwin v. Dunham*, 818 F.2d 675 (8th Cir. 1987). This is known as the abstention doctrine and is followed in the federal court system today. *See also Younger v. Harris*, 401 U.S. 37, 46 (1971).

In the instant case, plaintiff has been appointed a guardian ad litem by the State of Missouri. Section 475.082, Missouri Revised Statutes, requires that the State of Missouri conduct a yearly review of the appointment of a guardian on behalf of plaintiff. Furthermore, pursuant to subsection 475.082.5, plaintiff may move for review by the state court, at any time, upon allegations that his guardian is not discharging her responsibilities or has not acted in plaintiff's best interest. Thus, there are clearly ongoing state proceedings regarding plaintiff's appointment of a guardian ad litem. Moreover, pursuant to such proceedings, plaintiff has adequate opportunity to request a review of his court-appointed

3

guardian ad litem. Therefore, plaintiff's claims should be dismissed on abstention grounds, because this court must abstain from meddling in litigation pending in the state courts. *See e.g., Shelton v. Santos*, No. 03-4097 (W.D. Mo. 2004), *aff'd*, No. 04-1600 (8th Cir. June 18, 2004) (unpublished) (plaintiff's claims challenging the involuntary administration of the drug Haldol by Fulton State Hospital (FSH) defendants dismissed on abstention grounds because there were ongoing state proceedings with regard to plaintiff's appointment of a guardian ad litem by the state, including a yearly review of plaintiff's treatment plan at FSH).

In light of this court's recommendation that plaintiff's claims be dismissed for failure to state a claim, plaintiff's motions for appointment of counsel will be denied, without prejudice.

IT IS, THEREFORE, ORDERED that plaintiff's motions for appointment of counsel are denied, without prejudice [3, 4]. It is further

RECOMMENDED that plaintiff be denied leave to proceed in forma pauperis, and that his claims be dismissed for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 6th day of July, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge